IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICO STERLING, | : |
| | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:16-CV-00013-MTT-MSH |
| WARDEN ERIC SELLERS, | : |
| *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

**ORDER AND RECOMMENDATION**

*Pro se* Plaintiff Rico Sterling, who is currently incarcerated at the Hancock State Prison in Sparta, Georgia, has filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a motion to appoint counsel (ECF No. 3) and seeks to proceed without prepayment of the full filing fee (ECF No. 2). *See* 28 U.S.C. § 1915. The undersigned has reviewed Plaintiff's submissions and **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, **DENIES** Plaintiff's motion to appoint counsel, and finds Plaintiff's retaliation claims against Defendant Ivey and his supervisory liability claim against Defendant Sellers should proceed for further factual development. The undersigned **RECOMMENDS** that Plaintiff's free exercise claims be **DISMISSED without prejudice.**

**I.   Motion to Proceed *in forma pauperis***

The Court has reviewed Plaintiff's motion to proceed *in forma pauperis*, and based on his submissions finds that Plaintiff is presently unable to pre-pay any portion of

the filing fee. The Court thus **GRANTS** Plaintiff's motion (ECF No. 2) and waives the initial partial payment required by 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350.00 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

## II.     Motion to Appoint Counsel

Plaintiff has also moved for the appointment of counsel. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

In this case, Plaintiff has filed a complaint on a standard § 1983 form. The Court is required to review the Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts stated in

Plaintiff's Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. Plaintiff's motion to appoint counsel (ECF No. 3) is accordingly **DENIED**. If, however, it becomes apparent at some point later in these proceedings that counsel should be appointed in this case, after due consideration of the complexity of the issues raised or their novelty, the Court will entertain a renewed motion.

### III.   Preliminary Screening

#### A.   Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The

Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

    B.    <u>Factual Allegations and Plaintiff's Claims</u>

According to Plaintiff's Complaint, he is a practicing Muslim at Hancock State Prison ("HSP"). Compl. 5, ECF No. 1. Plaintiff contends that prison officials have a

policy prohibiting religious services, including prayer, in the prison's dayroom and that he has repeatedly received disciplinary reports for violating that policy. *Id.* Plaintiff also contends that Defendant Ivey has been retaliating against him because Plaintiff is a practicing Muslim and Defendant Sellers, the prison warden, knew of Defendant Ivey's allegedly unlawful actions but failed to correct his misconduct. *Id.* at 5, 10. Plaintiff contends Defendants' actions violate Plaintiff's rights under the First, Eight, and Fourteenth Amendments to the United States Constitution as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id.* at 10. Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages for these alleged violations. *Id.* at 11-12. Plaintiff's claims against the individual Defendants are discussed in more detail below.

### 1.  *Religious Freedom Claims*

As noted above, Plaintiff's claims that Defendants interfered with the exercise of his Muslim beliefs can be construed as claims for violations of Plaintiff's First Amendment right to religious freedom and Section 3 of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The First Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. Prison officials may limit a prisoner's free exercise of sincerely held religious beliefs if such "limitations are 'reasonably related to legitimate penological interests.'" *Johnson v. Brown*, 581 F. App'x 777, 780 (11th Cir. 2014) (per curiam) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)).

5

RLUIPA requires the government to justify any substantial burden on a prisoner's religious exercise by demonstrating a compelling governmental interest. *See Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007) *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1659 (2011). "To establish a *prima facie* case under section 3 of RLUIPA, a plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." *Smith v. Governor for Alabama*, 562 F. App'x 806, 813 (11th Cir. 2014) (per curiam) (internal quotation marks omitted).

In this case, Plaintiff contends that Defendants prohibited him from practicing "congregational prayer" in the dayroom and from using the dayroom to conduct the *adhān*, which he describes as a "Muslim call to pray." Compl. 5, 8. Even assuming for purposes of this screening that congregational prayer and the *adhān* constitute religious exercise, Plaintiff has not explained how such religious exercise was substantially burdened by the policy not to permit religious activity in the dayroom. Plaintiff has not asserted that he was prohibited from conducting these activities at all; just that he was prohibited from conducting them in the dayroom. According to Plaintiff's Complaint, when he questioned Defendants' decision not to permit Muslims to pray in the dayroom, Defendants responded that such activity caused disruption to the dayroom in general. *See* Compl. 7. In documents attached to Plaintiff's Complaint, it is also apparent that Defendants permitted religious services (including prayer) in individual cells and during scheduled religious services. *See* Compl. Attach. 8 at 1, ECF No. 1-8; *see also* Compl. Attach. 6 at 2, ECF No. 1-6 (informing Plaintiff in response to a grievance filed, "[Y]ou are not being denied your congregational prayer, you are allowed to pray, but not in the

dayroom floor, and this for a safety reason, and church services are provided in the visitation area.").

Because Plaintiff has failed to adequately explain how his right to engage in his Muslim faith was substantially burdened by Defendants' dayroom policy (or the enforcement thereof), the undersigned **RECOMMENDS** that Plaintiff's RLUIPA claims be **DISMISSED without prejudice.** And because RLUIPA "offers greater protection to religious exercise than the First Amendment offers," Plaintiff's failure to establish a RLUIPA claim also means Plaintiff has failed to establish a First Amendment free exercise claim. *See Allen*, 502 F.3d at 1264 n.5. The undersigned therefore **RECOMMENDS** that Plaintiff's First Amendment free exercise claims also be **DISMISSED without prejudice.**

    2.    *Retaliation Claims*

Plaintiff next contends that Defendant Ivey has retaliated against him for pursuing his right to practice his Muslim faith and filing grievances related thereto. *See, e.g.,* Compl. 8, 9. For example, Plaintiff cites to an incident where Defendant Ivey singled him out for a disciplinary report regarding his facial hair. *See id.* at 5-6. Plaintiff contends Defendant Ivey has issued him this and other disciplinary reports even though he was "not violating any prison rules and was not acting disruptively." *Id.* at 9. Plaintiff also states that Defendant Ivey has made derogatory remarks about Plaintiff's religion to Plaintiff and others, calling Plaintiff (and other Muslims) "terrorists" and "drug dealers," and suggesting that Plaintiff remove his kufi cap because he believed Plaintiff "is not a real Muslim." *Id.* at 6. Plaintiff further contends that Defendant Ivey "had an

7

unfortunate encounter with the Muslims at Macon State Prison" as a result of his "constant harassment of the Muslims there." *Id.*

Taking Plaintiff's allegations as true and construing them in the light most favorable to his claim, as the Court must do at this stage of the litigation, the undersigned finds that Plaintiff has at least raised the possibility that Defendant Ivey took adverse actions against Plaintiff either because he was Muslim or because Plaintiff "speaks out" and has filed grievances about religious discrimination at the prison. *See id.* at 9. Plaintiff's retaliation claims against Defendant Ivey must therefore proceed for further factual development.

### 3. *Supervisory Liability Claims*

Plaintiff also seeks to bring claims against Defendant Sellers, the prison warden. Supervisors, such as Defendant Sellers, can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

In this case, Plaintiff alleges that on at least two occasions, he "addressed [Defendant Sellers] personally about Defendant Ivey['s] constant harassment and his hinderance [sic] of Plaintiff's religious practice of congregational prayer." Compl. 7. Plaintiff therefore alleges that Defendant Sellers "witness[ed] Defendant Ivey's illegal actions, fail[ed] to correct that misconduct, and encourag[ed] the continuation of the misconduct." *Id.* at 10. Construing these allegations in the light most favorable to Plaintiff, Plaintiff has alleged that Defendant Sellers knew Defendant Ivey was retaliating against Plaintiff and took no action. Thus, at this early stage, Plaintiff's claims against Defendant Sellers must likewise proceed for further factual development. *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (complaint stated a § 1983 claim against supervisory prison official where it alleged that prisoner's family informed supervisor of ongoing misconduct by subordinates and supervisor failed to stop the misconduct).

### III. Conclusion

For the reasons set forth above, the undersigned **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2), and **DENIES** Plaintiff's motion to appoint counsel (ECF No. 3). Plaintiff's retaliation claims against Defendant Ivey and his supervisory liability claim against Defendant Sellers should proceed for further factual development, but the undersigned **RECOMMENDS** that Plaintiff's free exercise claims be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written

objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against the Defendants identified above, it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the

possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff.  The Defendants shall not commence discovery until such time as an answer or dispositive

motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

   IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

   Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal

Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing

fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO **ORDERED** and **RECOMMENDED**, this 22nd day of February, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE