**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **RICO STERLING,** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:16-CV-13 (MTT) |
| **ERIC SELLARS,** *et al.*, | ) ) ) | |
| **Defendants.** | ) ) ) | |

## ORDER

Waseem Daker moved to intervene in this matter on June 20, 2017 (Doc. 40), and United States Magistrate Judge Stephen Hyles denied that motion on the next day (Doc. 41). Daker then filed a Motion for Reconsideration (Doc. 43), a Notice of Appeal (Doc. 42), and a Motion for Leave to Appeal In Forma Pauperis (IFP) (Doc. 44) regarding that denial. On July 7, 2017, this Court granted that Motion for Reconsideration and vacated the Magistrate Judge's denial so that the Magistrate Judge could enter a Report and Recommendation explaining his bases for denying the motion to intervene. Doc. 47. Daker's Motion for Leave to Appeal IFP (Doc. 44) is therefore **DENIED as moot**.

Before the Court now is the Magistrate Judge's recommendation that Daker's Motion to Intervene be denied because (1) he does not have a right to intervene and (2) permissive intervention is inappropriate because Daker is attempting to circumvent the "three strikes" provision of the Prison Litigation Reform Act (PLRA). After the time to object had run, Daker requested an extension of time to amend (Doc. 55) and then filed

an Objection (Doc. 58).  The Court **GRANTS** the Motion for Extension of Time to File Objection (Doc. 55) and considers Daker's Objection.  Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the portions of the recommendation to which Daker objects and **ADOPTS** the findings, conclusions, and recommendations of the Magistrate Judge.  Accordingly, Daker's Motion to Intervene (Doc. 47) is **DENIED**.[1]

## MOTIONS TO PROCEED IFP ON APPEAL

Because Daker has already filed a notice of appeal and motion to appeal IFP in this case and at least one other case in which he attempted to intervene,[2] the Court anticipates he may do so again.  To proceed IFP on appeal, Daker must prove (1) he is financially unable to pay the filing fee and (2) that the appeal is taken in good faith.  *See* 28 U.S.C. § 1915; Fed. R. App. P. 24.  "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A party demonstrates good faith when he seeks review of a non-frivolous issue.  *Id*.  An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted).  "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation

---

[1] Further, the Court notes that the PLRA's "three strikes" provision may bar Daker from intervening in this case.  Once a prisoner obtains "three strikes," which, as the Magistrate Judge notes, Daker has done, that prisoner is barred from bringing a civil law suit in forma pauperis. 28 U.S.C. § 1915(g).  So, following a third meritless suit, "[a] prisoner must pay the full filing fee at the time he initiates suit."  *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).  Moreover, the PLRA requires *each* prisoner who is a party to a lawsuit to pay the full filing fee.  *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001).  Here, Daker seeks to intervene in this matter—and thus he seeks to become a party to the law suit—without paying the filing fee.  Allowing him to do so may therefore conflict with the PLRA's "three strikes" provision.  Accordingly, the PLRA's bar may supersede a right to intervene in this matter pursuant to Rule 24.  *See Hubbard*, 262 F.3d at 1198 ("[T]o the extent that the Rules Enabling Act . . . actually conflicts with the PLRA, we hold that the statute repeals the Rule."); *Mitchell v. Farcass*, 112 F.3d 1483, 1489 (11th Cir. 1997) (finding that when a rule under the Rules Enabling Act, specifically Fed. R. App. P. 24, directly conflicts with the PLRA then "the statute repeals the rule").

[2] *Gumm v. Jacobs*, Case No. 5:15-cv-41, Doc. 105 (M.D. Ga. Oct. 2, 2017).

marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'" (citations omitted)). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted). In this case, there are no non-frivolous issues to raise on appeal, and thus any appeal would not be taken in good faith. Accordingly, any motion to proceed IFP on appeal is **DENIED**.

      **SO ORDERED**, this 18th day of October, 2017.

                                  <u>S/ Marc T. Treadwell</u>
                                  MARC T. TREADWELL
                                  UNITED STATES DISTRICT COURT