IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RICO STERLING, :
:
      Plaintiff, :
:
v. :
: CASE NO. 5:16-CV-00013-MTT
WARDEN ERIC SELLERS, :
*et al.*, :
:
      Defendants. :
_____ :

## ORDER

In its Order granting in part and denying in part the Defendants' motion for summary judgment, the Court noted that Plaintiff Sterling's claims under the Eighth Amendment and under the Georgia Constitution had gone unaddressed. Doc. 78 at 18-19. Because the Eighth Amendment claim appeared frivolous, the Court ordered Sterling to show cause why the claim should not be dismissed. *Id.* Sterling did not respond, and the Eighth Amendment claim was dismissed. Doc. 80. Regarding the claims under the Georgia Constitution, the Court ordered simultaneous briefing addressing those claims. Doc. 78 at 19. The Defendants have submitted their brief. Doc. 81. The deadline for filing those briefs was November 15, 2018. Even considering the prison mailbox rule[1] and allowing for delays in prison mailings, Sterling has not filed a brief within the required time.

---

[1] Under the "prison mailbox rule," a prisoner's complaint, or in this case brief, is deemed to be filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

In their brief, the Defendants argue the protections of the Georgia Constitution are unenforceable by courts. They state that "[t]here is no cognizable cause of action for a violation of the Georgia Constitution," and again that "Georgia law thus does not provide any cause of action for the violation of a right protected by the Georgia Constitution." Doc. 81 at 4. Because of this, "the Plaintiff cannot state a viable claim" for the violation of his rights. *Id.* They also argue these claims are barred by sovereign immunity and official immunity.

Because sovereign immunity and official immunity bar Sterling's state law claims under the Georgia Constitution, the Court need not address the argument that there is no cause of action for violating the Georgia Constitution. *See McConnell v. Dep't of Labor*, 302 Ga. 18, 19, 805 S.E.2d 79, 80 (2017) (noting that because sovereign immunity is jurisdictional, courts should address it as a threshold matter).

Under current Georgia law, state sovereign immunity bars all claims against officers in their official capacities, whether for injunctive relief or damages, absent a waiver. *Lathrop v. Deal*, 301 Ga. 408, 444, 801 S.E.2d 867, 892 (2017). Sterling does not point to an applicable waiver here, so his official-capacity claims are barred.

Sterling's claims against the officers in their individual capacities are governed by the doctrine of official immunity, which applies when officers are performing their official functions. Ga. Const. art. I, § 2, ¶ IX. "Official functions" includes discretionary acts within the scope of a state officer's authority. *Gilbert v. Richardson*, 264 Ga. 744, 753, 452 S.E.2d 476, 483 (1994). As the Court noted in its prior order, the officers were "undoubtedly acting within the scope of their discretionary authority when they disallow[ed] participation in the Eid feast," so official immunity is applicable here. Doc. 78 at 13. As the doctrine of official immunity has been developed by the state supreme

court, it does not bar suits against state officers in their individual capacities for injunctive or declaratory relief for constitutional violations. *Lathrop*, 301 Ga. at 443–44, 801 S.E.2d at 891. However, official immunity does bar suits for damages against officers in their individual capacities, unless those officers acted with actual malice or intent to cause injury. *Id.*; Ga. Const. art. I, § 2, ¶ IX.[2]

Sterling has not shown the officers acted with actual malice or intent to cause injury in prohibiting the Eid feast, so his claim against the officers in their individual capacities for damages for violations of Georgia law is barred by official immunity. In the time since he filed his complaint regarding the Eid feast, Sterling has been transferred to another prison. Docs. 1; 12; 56. Because of that transfer, his requests for declaratory and injunctive relief are moot. *See Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984); *Whitehead v. Lavoie*, 176 Ga. App. 666, 667, 337 S.E.2d 357, 359 (1985). For these reasons, the Defendants are entitled to summary judgment on Sterling's claims under the Georgia Constitution. Accordingly, the Defendants' motion for summary judgment (Doc. 59) is **GRANTED in part**, as to the Plaintiff's claims under the Georgia Constitution. Those claims are **DISMISSED with prejudice**.

**SO ORDERED**, this 17th day of December, 2018.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[2] Under Georgia's Tort Claims Act, official immunity, at least in tort cases, "is cast in seemingly broader terms than official immunity under the Constitution." *Lathrop*, 309 Ga. at 443, 801 S.E.2d at 891 n.31. Because the constitutional provision on official immunity applies to bar any claims against the officers for damages, there is no need to reach the questions of the GTCA's applicability or the scope of the GTCA's official immunity.