# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

RICO STERLING, :
:
      Plaintiff, :
:
v. :
: CIVIL ACTION NO. 5:16-CV-00013 (MTT)
WARDEN ERIC SELLERS, :
*et al.*, :
:
      Defendants. :
_____ :

## ORDER

Lester Smith, an inmate at Hancock State Prison who claims he is prohibited from praying in the prison's dayroom, has moved to join this lawsuit pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure. Doc. 83 at 1-2. Smith is not a party to this case, and none of the parties have moved to join him. Neither is he a required party under Rule 19. His motion, therefore, should have been styled as a motion to intervene under Rule 24, and the Court construes it as such. Because Smith is an inmate at HSP, he is subject to the Prison Litigation Reform Act. The PLRA requires that prisoners bringing a lawsuit *in forma pauperis* each file their own complaint and each pay full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001).[1] Movant Smith has not paid the filing fee, so he may not join this case.

Furthermore, Smith's motion concerns the prison staff's alleged refusal to allow him to pray in the dayroom. Doc. 83 at 2. Although Plaintiff Sterling's complaint did

---

[1] Although *Hubbard* upheld a district court's denial of Rule 20 joinder, its logic applies equally to a Rule 24 motion to intervene. As another court has noted, if *Hubbard* did not apply to motions to intervene, plaintiffs could circumvent *Hubbard* by simply waiting to join until after the complaint was filed. *See Daker v. Ferrero*, 2007 WL 1100463, at *3 (S.D. Fla. Jan. 3, 2007).

include claims relating to the prohibition of prayer in the dayroom, those claims have been dismissed. *See* Doc. 78 at 8 (dismissing federal claims related to prayer in the dayroom); Doc. 82 (dismissing any claims raised under the Georgia Constitution). The only remaining claims in this case relate to the Defendants' alleged refusal to allow Plaintiff Sterling to celebrate the Eid Feast. Docs. 78 at 19; 80; 82. Smith's motion does not concern those claims, and he has shown no basis for intervention. Accordingly, the motion (Doc. 83) is **DENIED**.

**SO ORDERED**, this 9th day of January, 2019.

S/ Marc T. Treadwell  
MARC T. TREADWELL  
UNITED STATES DISTRICT COURT