IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RICO STERLING, :
:
      Plaintiff, :
:
v. :
: CIVIL ACTION NO. 5:16-CV-13 (MTT)
WARDEN ERIC SELLERS, :
*et al.*, :
:
      Defendants. :
_____ :

## ORDER

Lester Smith, an inmate at Hancock State Prison who claims he is prohibited from praying in the prison's dayroom, has twice moved for reconsideration of the Court's Order denying his motion to intervene. For the following reasons, those motions (Docs. 87; 97) are **DENIED**.

Smith previously moved to join this lawsuit pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure. Doc. 83 at 1-2. Smith is not a party to this case, and none of the parties have moved to join him. Nor is he a required party under Rule 19. His motion, therefore, should have been styled as a motion to intervene under Rule 24, and the Court construed it as such. The Prison Litigation Reform Act ("PLRA") requires that prisoners bringing a lawsuit pro se each file their own complaint and each pay the full filing fee. Doc. 86 at 1; *see Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001). Movant Smith is a prisoner and is subject to the PLRA, and he has not paid the filing fee, so the Court denied his motion to intervene. Doc. 86 at 1-2. Smith has filed a motion for reconsideration (Doc. 87) and a "Motion to Rule on Timely Objections" (Doc.

87), which the Court construes as a motion for reconsideration.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Smith's arguments for reconsideration are primarily contained in his first motion; his second merely urges the Court to consider the arguments in his first motion. Docs. 87; 97. Smith has not argued there has been an intervening change in law or new evidence, but instead argues the Court erred in its prior Order. He makes two arguments, neither meritorious.

First, Smith claims the Court's reliance on *Hubbard v. Haley* to bar a motion to intervene was misplaced because *Hubbard* only explicitly reached Rule 20 motions. Doc. 87 at 1-2. He takes issue with the Court's citation to a case from the Southern District of Florida, which is not binding on the Court. *Id.* at 2. He argues the "language of the PLRA does not support the courts order under Rule 24." *Id.* However, the Court

2

reads the language of the PLRA and the reasoning of *Hubbard* to apply to Rule 24 motions, and Smith has not presented any arguments to the contrary. While of course the Court is not bound by decisions from other district courts, it is still persuaded by a point made in *Daker v. Ferrero,* 2007 WL 1100463, at *3 (S.D. Fla. Jan. 3, 2007): that *Hubbard* would be a nullity if it did not apply to Rule 24 motions, because a would-be coplaintiff could avoid the filing fee by simply waiting until after the complaint is filed to join the lawsuit.

Smith's second argument is that if he were to intervene, he could bring claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") instead of the Georgia Constitution, "which is what the court has led on in its order for the dismissal of some of plaintiff's claims." Doc. 87 at 2. But Plaintiff Sterling's complaint was construed to bring *both* RLUIPA claims and Georgia constitutional claims. *See* Doc. 78 at 3 ("the following claims were allowed to proceed: . . . (2) the Plaintiff's RLUIPA claim against the Defendants in their official capacities based on the alleged restrictions on congregational prayer in the dayroom and participation in the Eid feast."). Thus, Smith's argument that the Plaintiff "erroneously raised [his claims] under state law," rather than under RLUIPA, is wholly without merit. Doc. 87 at 2.

Finally, the Court's Order denying Smith's motion to intervene noted that Smith's only allegations concern prayer in the prison's dayroom, but the only remaining claims in this case relate to alleged restrictions on the Plaintiff's celebration of the Eid feast. Doc. 86 at 1-2. Smith has not contested that ground for denying his motion.

Smith has filed an additional motion "to Rule on Timely Objections," which the Court construes as a second motion for reconsideration. Doc. 97. That motion does

3

not contain any new arguments, and it fails for the same reasons as his original motion for reconsideration. Finally, and perhaps most importantly, this case has been settled and dismissed. There is nothing in which to intervene.

For the reasons above, Smith's motions for reconsideration (Docs. 87; 97) are **DENIED**.

**SO ORDERED**, this 2nd day of April, 2019.

S/ Marc T. Treadwell  
MARC T. TREADWELL  
UNITED STATES DISTRICT COURT